# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LEROY BANKS, III, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-435 (MTT) |
| TERRY ANTHONY, *et al.*, | ) |
| Defendants. | ) |

## ORDER

On October 10, 2019, United States Magistrate Judge Charles Weigle recommended granting Defendants Terry Anthony's and Stephen Fields' motions to dismiss (Docs. 31; 33). Doc. 43. Plaintiff Leroy Banks objected. Docs. 44; 45. On October 31, the Court adopted the Magistrate Judge's Recommendation and dismissed the Plaintiff's claims. Doc. 46. On November 7, the Plaintiff moved for reconsideration of the Court's October 31 order.[1] Doc. 48.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. 2010) (quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for

---

[1] The Plaintiff labeled this filing as a "Motion for Reconsideration and/or Request for Certificate of Appealability." Doc. 48-3 at 1. However, a COA is not a prerequisite to an appeal of a 42 U.S.C. § 1983 action. Accordingly, the Plaintiff's motion for a COA (Doc. 48) is **DENIED as moot**.

reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

The Plaintiff contends that the Court made a clear error dismissing his false arrest and false imprisonment claims because they are time-barred. *See generally* Docs. 43; 48-3. This argument was not raised in his previous objections. *See generally* Docs. 44; 45. "Denial of a motion for reconsideration is proper 'when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation.'" *Beeders v. Gulf Coast Collection Bureau*, 2009 WL 3013502, at *2 (M.D. Fla. 2009) (quoting *Lussier v. Dugger*, 094 F.2d 661, 667 (11th Cir. 1990) (citations omitted)). Because the Plaintiff did not raise his statute-of-limitations argument in his objections and has not stated why he failed to argue this previously, denial of his motion is appropriate.

Even if the Plaintiff had previously raised this argument, he cannot show clear error. The Plaintiff states that the Defendants falsely arrested him in October 2016 and falsely imprisoned him until October 2018. Docs. 48-3 at 2; 48-1 at 1. He argues that because he was imprisoned and unable to file a claim until his release in October 2018, his claims should be tolled and his complaint was thus timely filed on November 26, 2018. *See generally* Docs. 48-3 (citing O.C.G.A. § 9-3-99); 1. As stated in the Recommendation, "[t]he accrual of those claims for limitations purposes begins when the alleged false imprisonment ends[,]" and false imprisonment ends when a plaintiff "'is bound over by a magistrate judge or arraigned on charges.'" Doc. 43 at 3 (citing and quoting *Wallace v. Kato*, 549 U.S. 384, 387−89 (2007) (citations omitted)). The Plaintiff "was bound over by the state magistrate judge to the Bibb County Superior Court" on

November 7, 2016.  *Id.* (citing Doc. 1-1 at 6−7).  Pursuant to Georgia's two-year statute of limitations, his claims should have been brought no later than November 7, 2018, and his claims filed on November 26, 2018 are thus time-barred.  O.C.G.A. § 9-3-33.

Accordingly, the Plaintiff's motion for reconsideration (Doc. 48) is **DENIED.**

**SO ORDERED**, this 20th day of November, 2019.

s/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT